1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,                                    1:11-CV-00580 SMS HC

                         Petitioner,                 ORDER DISMISSING PETITION FOR WRIT
                                                     OF MANDAMUS

          v.                                         ORDER DIRECTING CLERK OF COURT
                                                     TO SEND PETITIONER CIVIL RIGHTS
WARDEN OF KERN VALLEY STATE                          FORM
PRISON,
                                                     ORDER DIRECTING CLERK OF COURT
                         Respondent.                 TO ENTER JUDGMENT AND CLOSE CASE
_____/

          On January 19, 2011, Petitioner filed the instant petition for writ of mandamus in the United

States District Court for the Northern District of California.  The case was transferred to the Eastern

District on April 7, 2011.  Petitioner has filed a consent form indicating consent to the jurisdiction of

the magistrate judge pursuant to 28 U.S.C. § 636(c).

                                        **DISCUSSION**

          Petitioner brings the instant petition requesting relief in the form of a writ of mandate

directing state prison officials to provide him with his "EOP Group" mental health treatment while

he is housed in administrative segregation. The federal mandamus statute provides: "The district

courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28

U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the

plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so

plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  Barron v.

1   Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).  Mandamus relief is only available to

2   compel an officer of the United States to perform a duty; a writ of mandamus is not available in

3   federal court to compel conduct by state officers. Craig v. McCarthy, 883 F.2d 1023 (9th Cir.1989),

4   citing Harris v. Department of Corrections, 426 F.Supp. 350, 351-52 (W.D.Okla.1977).  Since

5   Petitioner is requesting the federal court to issue a writ of mandamus against state prison officials,

6   his petition must be dismissed.

7          The instant petition does not sound in habeas either.  A federal court may only grant a

8   petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the

9   Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a

10   prisoner to challenge the "legality or duration" of his confinement, not the conditions of his

11   confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411

12   U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254

13   Cases.

14          Since  Petitioner is challenging the conditions of his confinement, the appropriate vehicle for

15   relief in this case is a civil rights action pursuant to 42 U.S.C. § 1983.  McCarthy v. Bronson, 500

16   U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee

17   Notes to Rule 1 of the Rules Governing Section 2254 Cases.

18                                         **ORDER**

19          Accordingly, IT IS HEREBY ORDERED:

20          1) The petition for writ of mandamus is DISMISSED;

21          2) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights

22   action; and

23          3) The Clerk of Court is DIRECTED to enter judgment and close the case.

24

25   IT IS SO ORDERED.

26   **Dated:   May 3, 2011**                    _____/s/ Sandra M. Snyder_____
                                                 UNITED STATES MAGISTRATE JUDGE
27

28